UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD DEAN ROBERTS, JR,

    Plaintiff,

v.                                                                                          Case No. 09-11066

ACCIDENT FUND INSURANCE                                     HONORABLE AVERN COHN
COMPANY OF AMERICA, ABBY
BARR, DONNA BASHORE, LAURA
DeLUCA, and JOHN DOE,

    Defendants.[1]

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND
### GRANTING DEFENDANT ACCIDENT FUND INSURANCE COMPANY OF AMERICA'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (Dkt. #25)
### AND
### GRANTING DEFENDANTS ABBY BARR, DONNA BASHORE, LAURA DeLUCA'S MOTION TO DISMISS (Dkt. # 68)
### AND
### DISMISSING CASE

I.

This is a case claiming violations of the Family Medical Leave Act, 42 U.S.C. § 12112 (FMLA) and access to courts. Plaintiff is pro se. The matter was referred to a magistrate judge for pretrial proceedings and before whom defendants filed motions to dismiss. The magistrate judge issued a report and recommendation (MJRR) that defendants' motions be granted.

---

[1] Plaintiff originally named Louisiana Homes, Lillia Dodson, and Elisa Dodson as defendants. The Court dismissed them on the parties' stipulation. See Order filed July 28, 2009.

Before the Court are plaintiff's objections to the MJRR to which defendants have responded. For the reasons that follow, the MJRR will be adopted, defendants' motions will be granted, and the case will be dismissed.

II.

The MJRR accurately sets forth the facts derived from plaintiff's Second Amended Complaint (Dkt. # 20). Plaintiff was an employee of Louisiana Homes. On December 15, 2005, plaintiff sustained a gun shot wound while employed. Plaintiff claims defendants violated his rights under the FMLA (Count II) and denied him access to the Courts (Count III) in his attempt to secure leave due to his injury and in connection with a workers compensation proceeding.[2]

Defendants filed motions to dismiss on the grounds that (1) plaintiff's FMLA claim fails because they are not his employer, and (2) plaintiff's access to courts claim fails because defendants are not state actors. The magistrate judge, in a thorough-going analysis of plaintiff's complaint and defendants' arguments, recommends finding that (1) defendants are not plaintiff's employer and therefore plaintiff has not stated an FMLA claim against them and (2) defendants are not state actors and therefore not liable for violation of his right to access courts under § 1983. The magistrate judge also recommends that to the extent plaintiff raises, or seeks to raise, state law claims against defendants, the Court should decline to exercise supplemental jurisdiction over any them.

---

[2]Count I of the Second Amended Complaint merely identifies the parties.

III.

The portions of the MJRR which plaintiff finds objectionable are reviewed de novo. See 28 U.S.C. § 636 (b). Unfortunately, plaintiff's objections are presented in a form which is not easily discernable, a point noted by defendants in responding to the objections. As best as can be gleaned, plaintiff objects to the recommendation of the magistrate judge that the Court decline to exercise supplemental jurisdiction over any state law claims. This objection lacks merit. Not only does the Second Amended Complaint fail to assert any state law claims, to the extent plaintiff seeks to assert state law claims against defendants, it would be inappropriate to exercise supplemental jurisdiction over them because plaintiff's federal claims (FMLA and access to courts) must be dismissed for the reasons stated in the MJRR.

In like fashion, plaintiff's objection that the magistrate judge failed to consider his original complaint along with his amended complaint fails. It is well-established that an amended complaint supercedes prior complaints and renders the prior complaint a nullity.

Further, plaintiff's assertion that the FMLA needs to be extended to cover individuals who work for small companies, which he presents in the form of an equal protection claim, is not an objection. In any event, this is a legislative, not judicial, issue.

Finally, plaintiff's objection that the magistrate judge erred in concluding that defendants are not an arm of the state is not well-taken. Although plaintiff makes sweeping statements that the state "regulates" defendants and "have a state or federal influence which drives" its conduct, there is no basis to conclude that defendants are

state actors.

Overall, none of plaintiff's objections have merit. The Court agrees with the magistrate judge's analysis and recommendations.

IV.

For the reasons stated above, the MJRR is ADOPTED as the findings and conclusions of the Court, as supplemented above. Defendant Accident Fund Insurance Company of America's Motion to Dismiss or for Summary Judgment is GRANTED. Defendants Abby Barr, Donna Bashore, Laura Deluca's Motion to Dismiss is GRANTED. This case is DISMISSED.[3]

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: November 10, 2009

I hereby certify that a copy of the foregoing document was mailed to Harold Dean Roberts, Jr, 25225 Greenfield, Apartment 422, Southfield, MI 48237 and the attorneys of record on this date, November 10, 2009, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160

---

[3] Although plaintiff named John Doe as a defendant. Although plaintiff has not yet identified or served this defendant, it is appropriate to dismiss the claims against him <u>sua sponte</u> for the same reasons discussed above and in the MJRR.